UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DOMINIC CLARK,

Defendant.

No. 2:24-cr-00026-TLN

**ORDER**

This matter is before the Court on Defendant Dominic Clark's ("Defendant") Unopposed Motion for Early Termination of Supervised Release.  (ECF No. 3.)  For the following reasons, the Court GRANTS Defendant's motion.

On January 26, 2023, Defendant pleaded guilty to the transportation of noncitizens for the purpose of commercial advantage or private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 8 U.S.C. § 1324(a)(1)(B)(i).  (ECF No. 2 at 3.)  On April 26, 2023, Defendant was sentenced to a ten-month term of imprisonment and a three-year term of supervised release.  (*Id.*)  Defendant's term of supervision began on December 5, 2023.[1]  (ECF No. 3 at 1.)  Defendant has now completed over two years of his three-year supervisory term.  (*Id.*)  On January 16, 2026,

---

[1]   On February 13, 2024, jurisdiction over Defendant's supervised release was transferred from the United States District Court for the District of Arizona to this Court pursuant to 18 U.S.C. § 3605.  (ECF No. 1.)

1

Defendant filed the instant motion for early termination of supervised release.  (ECF No. 3.)  Defendant represents the Government and Defendant's probation officer do not oppose the motion.  (*Id.* at 1.)

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)).  Defendant has the burden to demonstrate that early termination of supervised release is justified.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

Defendant requests early termination of supervised release as he satisfies the required and recommended factors for early termination.  (ECF No. 3 at 4–6.)  Specifically, Defendant contends he has completed well over the statutorily-required one year of supervision and has no need for programming or treatment.  (*Id.* at 5.)  He has a steady residence and employment with financial stability and the prospect of other employment opportunities if his restrictions on travel are lifted.  (*See id.*)  Defendant further asserts he has complied with all the conditions of both his pre-trial and supervised release periods.  (*Id.*)  Defendant represents his probation officer has confirmed Defendant's risk level has decreased and the probation officer fully supports early termination of supervised release.  (*Id.* at 5.)  Finally, Defendant asserts he is successfully rehabilitated and is not at risk of violating the law, nor is he a threat to the public.  (*Id.* at 6.)

Based on the Government's non-opposition and Defendant's conduct while on supervised release, the Court finds Defendant has met his burden to show that early termination of supervised release is warranted pursuant to 18 U.S.C. § 3583(e).  *See Emmett*, 749 F.3d at 819.  Accordingly, Defendant's Unopposed Motion for Early Termination of Supervised Release is hereby GRANTED.  (ECF No. 3.)

IT IS SO ORDERED.

Date: January 22, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

2